## Richards *v.* Blaine

No. 40930          December 1, 1958          107 So. 2d 101

*Aaron L. Ford,* Jackson, for appellant.

*Lipscomb, Ray & Barksdale,* Jackson, for appellee.

McGehee, C. J.

The declaration filed by the appellant, Mrs. Bobbie Ellard Hendrix Richards, in the Circuit Court of Hinds County against the appellee, C. B. Blaine, doing business as the National Literary League at 617 West Capitol

Street, Jackson, Mississippi, is drawn in eight counts but in substance the declaration seeks recovery of damages for personal injuries sustained by the plaintiff on account of an alleged assault and battery committed on her by one Ernest Edward Burkes, who in one count is alleged to have been the vice-principal of the defendant, C. B. Blaine, and in other portions of the declaration to have been the servant or agent of the said Blaine. It is further alleged that the defendant required the plaintiff, as a solicitor for subscriptions to certain magazines, to work under the supervision and direction of the said Ernest Edward Burkes in soliciting magazine subscriptions and in the sale of such magazines; and that the said defendant, Blaine, knew or could and ought to have known by the exercise of reasonable care that the said Burkes ''was a man of high and ungovernable temper, a vicious and dangerous character, prone to quarrel and fight, and of such immoral character not to possess the mental or moral quality to fit him for association with the plaintiff,'' when the said Blaine placed her under the supervision and direction of the said Burkes to perform her duties and responsibilities as a solicitor for subscriptions and for the sale of the magazines.

The plaintiff sought to recover from the defendant, Blaine, by whom she alleges that she was employed, the sum of $150,000 damages in a common law action for the alleged wilful assault and battery committed on her by the said Burkes. The court heard a plea, separate and apart from an answer to the declaration of the plaintiff, and in this plea the defendant took the position that under the allegations of the declaration and under the facts of the case, the only remedy that the plaintiff had, if any, was under the Mississippi Workmen's Compensation Act of 1948, as amended by Chapter 412 of the General Laws of Mississippi of 1950 and by Chapter 344 of the General Laws of Mississippi of 1956.

Upon motion of the plaintiff the circuit judge heard the proof on the plea as to the non-existence of common law liability, and as to the remedy of the plaintiff, if any, under the Mississippi Workmen's Compensation Act aforesaid and the amendments thereto; and after hearing the testimony of the defendant, C. B. Blaine, and Dan Charbonnet, the agent of the American Motors Insurance Company, who had issued unto Blaine a policy of workmen's compensation insurance covering the period from September 1, 1955 to September 1, 1958, and the testimony of the said Ernest Edward Burkes, the circuit court sustained the plea of the defendant upon the undisputed testimony of the said witnesses and upon the written contracts covering the period from October 1, 1955 to October 1, 1956, then to October 1, 1957, respectively, as entered into by the said Burkes and Blaine, and the original contracts (which were introduced in evidence and covered the period during which the alleged assault and battery was alleged to have occurred) and dismissed the suit. The plaintiff offered no testimony upon the hearing of the plea, but she insists on this appeal that since the alleged assault and battery upon her by Burkes was a willful and wanton act, she has the right to elect as to whether she will prosecute her action against the defendant either under the common law or under the said Mississippi Workmen's Compensation Act: further that Chapter 344 of the Laws of 1956 rendered the Workmen's Compensation Act inapplicable to her cause of action, as a solicitor of subscriptions for magazines and as an employee for the sale thereof.

The defendant, C. B. Blaine, admitted that he was doing business under the trade name of National Literary League at 617 West Capitol Street, Jackson, Mississippi, and testified that the said Ernest Edward Burkes was engaged in the solicitation of subscriptions to magazines for the National Literary League, but as an independent contractor; that the defendant neither handled, sold, nor

delivered any magazines to either the said Burkes or the plaintiff; that the plaintiff was soliciting subscriptions to magazines for the said Burkes, delivering to him any subscriptions taken together with the standard price therefor as fixed by the magazine publishers; that in turn Burkes would retain a portion of the subscription price after the plaintiff had deducted her compensation for the order out of the said subscription price, and that Burkes would send the order to the defendant, Blaine, and that he would in turn mail the subscription and part of the subscription price for the magazine to the publishers thereof, that neither Blaine, Burkes, or the plaintiff handled any magazine, but that the same was sent direct from the publishers to the subscriber; and that although these orders were taken on forms furnished by the National Literary League, the said Burkes was acting as a mere broker in the performance of his work under the contract.

The defendant further testified that he took out the workmen's compensation insurance policy, written by Mr. Charbonnet and that he posted notice in his place of business that he was carrying workmen's compensation for all of his employees, but he took the position that the plaintiff was not his employee. He admitted that she was not listed with the insurance carrier as an employee, but testified that none of his employees were so listed.

Mr. Charbonnet testified as to the issuance and delivery of the workmen's compensation insurance policy on behalf of the American Motors Insurance Company, and testified very frankly that if the plaintiff could show that she was an employee of the defendant, Blaine, that she would be recognized as being among those who were covered by the policy.

The witness, Burkes, corroborated the testimony of the defendant, Blaine, as to his relationship with the defendant and the plaintiff.

Section 6998-05, Volume 5A, Mississippi Code of 1942, Rec., provides as follows: ''The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.''

It is contended by appellees that the enactment of Chapter 344 of the laws of 1956 was for the purpose of excluding from the provisions of the Mississippi Workmen's Compensation Act newsboys and sellers of magazines who occupied the status of the newsboy involved in the case of Laurel Daily Leader, Inc., v. James, 224 Miss. 650, 80 So. 2d 70 but the case of Mrs. Mary P. Hollingsworth Statham, Minor, etc. v. C. B. Blaine, Cause No. 40,919, decided today, Dec. 1, 1958, is, in all of its material particulars, controlling in the instant case. In that case the trial judge overruled the plea of the defendant, heard the case on its merits and then rendered a peremptory instruction in favor of the defendant. That case was reversed and it was held that the questions of fact involved should have been submitted for the determination of the jury. In the instant case, therefore, we hold that the plea of the defendant should have been overruled and the case developed on its merits at a trial before a jury. In other words, we are of the opin-

ion that Chapter 344, Laws of 1956, Sub-section 4, excludes the plaintiff from the benefits of the Workmen's Compensation Act, Sec. 6998-02, Code of 1942, as amended by Chapter 412, Laws of 1950, and that, therefore, upon a reversal and remand of this cause, the same should be developed upon its merits as to whether or not the plaintiff has a common law action against the appellee, C. B. Blaine, for damages on account of the alleged wrongful and wanton assault and battery committed against her by the said Ernest Edward Burkes as the alleged servant of the appellee. In other words, we think the decision in the case of Mrs. Mary P. Hollingsworth Statham v. C. B. Blaine, Supra, is controlling in the instant case, since the relationship of the parties to the plaintiff is the same here as it was in that case.

Reversed and remanded.

*Hall, Holmes, Ethridge,* and *Gillespie, JJ.,* concur.